UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JEFFREY DUVALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-cv-00006-TWP-DML ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ENTRY OVERRULING PLAINTIFF'S OBJECTION AND
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Jeffrey Duvall ("Duvall") requested judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d) ("the Act"). On October 13, 2016, the Court referred Duvall's request to the Magistrate Judge. Thereafter, the Magistrate Judge issued her Report and Recommendation wherein she recommended that the Commissioner's final decision be affirmed. (Filing No. 24.) Duvall now objects to the recommendation. (Filing No. 25.) For the following reasons, the Court **OVERRULES** Duvall's Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**BACKGROUND**[1]

On March 28, 2013, Duvall, who was fifty-three years old on his alleged disability onset date, protectively filed an application for DIB, alleging a disability onset date of August 8, 2012.

---

[1] Duvall's relevant medical evidence as set forth in the parties' briefs is not disputed, therefore, the Court incorporates by reference the factual and medical background detailed in the parties' briefs (*See* Filing No. 15 and Filing No. 18), but will articulate specific facts as needed in the "Discussion" section.

([Filing No. 12-2 at 23](#).)  His claims were initially denied on June 28, 2013, and again on reconsideration on October 3, 2013.  *Id*.  Duvall filed a written request for a hearing on November 20, 2013.  *Id*.  On April 22, 2015, a hearing was held before Administrative Law Judge William C. Zuber ("the ALJ").  *Id*.  Duvall was present and represented by counsel, Richard R. Fox.  *Id*.  A vocational expert, Sharon B. Lane ("the VE") also appeared and testified at the hearing.  *Id*.  On July 14, 2015, the ALJ denied Duvall's application for DIB.  *Id*. at 36.  Following this decision, Duvall timely requested review by the Appeals Council.  *Id*. at 9-19.  On November 18, 2015, the Appeals Council denied Duvall's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  *Id*. at 2-8.  On January 8, 2016, Duvall filed an action for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).  ([Filing No. 1](#).)  On October 13, 2016, the Court referred the matter to Magistrate Judge Debra McVicker Lynch.  On February 1, 2017, the Magistrate Judge filed her Report and Recommendation ([Filing No. 24](#)) to which Duvall filed a timely objection.  ([Filing No. 25](#).)

## I.     LEGAL STANDARD

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)).  "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it."  *Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)).  After a magistrate judge makes a report and recommendation, either party may object within fourteen days.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  "A

judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II.   DISABILITY AND STANDARD OF REVIEW

Under the Act, a claimant may be entitled to Supplemental Security Income or DIB only after he establishes that he is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then his residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work in the relevant economy, given his RFC and considering his age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if he can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

Section 405(g) of the Act gives the court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold

an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III. THE ALJ'S DECISION

The ALJ first determined that Duvall met the insured status requirement of the Act through December 31, 2017. The ALJ then began the five-step analysis and first concluded that Duvall had not engaged in substantial gainful activity since August 8, 2012, the alleged onset date. At step two, the ALJ found that Duvall had the following severe impairments: rheumatoid arthritis, shoulder tendonitis, mild degenerative joint disease, depression, and anxiety. At step three, the ALJ concluded that Duvall does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that Duvall had an RFC to perform medium work as defined in 20 CFR 404.1567(c), with the following limitations:

> [Duvall] could never climb ladders, ropes, or scaffolds; he could no more than occasionally perform overhead reaching; and he could no more than frequently use his hands. The claimant could perform work that is not fast-paced or quota driven; he could have no more than frequent contact with coworkers, supervisors, and the general public; and he could sustain concentration, persistence, or pace for periods of two hours at a time.

([Filing No. 12-2 at 28](Filing No. 12-2 at 28)). At step four, the ALJ found that Duvall had past relevant work as a truck driver and as a water superintendent, which Duvall is unable to perform. At step five, the ALJ determined that Duvall was not disabled because there were jobs that existed in significant numbers in the national economy that Duvall could perform, considering his age, education, work experience, and RFC. Those jobs included laundry worker, cleaner, and order filler. Therefore, the ALJ denied Duvall's application for DIB because he was not disabled.

## IV. DISCUSSION

On June 28, 2013, Jeffica Tincher ("Tincher"), Duvall's daughter and neighbor who the ALJ describes as a "'non-medical source' with no professional capacity," informed an agency employee that Duvall is able to maintain his personal hygiene, cook, drive, shop independently, operate a cell phone and computer, and does not have any trouble going out in public and being in crowds. ([Filing No. 12-2 at 34](Filing No. 12-2 at 34); [Filing No. 12-6 at 40](Filing No. 12-6 at 40).) In September 2013, Alan Roth, M.D. examined Duvall and noted that Duvall could sit for only two to four hours, and stand and walk for less than one hour, among other limitations. ([Filing No. 12-7 at 93](Filing No. 12-7 at 93).) On January 15, 2014, James Havens, M.D. completed a functional capacity form and indicated that Duvall could walk for only one hour, stand two hours, sit one hour, and lift 20 pounds, among other limitations. ([Filing No. 12-8 at 23](Filing No. 12-8 at 23).) In making his disability determination, the ALJ gave considerable weight to Tincher's opinion, among other opinions, but gave less weight to Dr. Havens' opinion and rejected Dr. Roth's opinion. ([Filing No. 12-2 at 33-34](Filing No. 12-2 at 33-34).) Duvall argues that the ALJ erred in discounting all medical testimony and basing his RFC conclusion on an *ex parte* telephone conversation with Tincher, as well as the VE's testimony. The Court will address each issue in turn.

A. **The ALJ did not Err in Giving Considerable Weight to Tincher's Testimony**

Duvall specifically takes issue with the ALJ giving less weight to his treating physician Dr. Havens and rejecting the testimony of Dr. Roth, while giving considerable weight to Tincher's testimony. A treating physician's medical opinion is entitled to controlling weight if it is well supported by objective medical evidence and consistent with other substantial evidence in the record. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). The ALJ considers several factors when deciding the amount of weight to give to medical opinions, including the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record as a whole, as well as other factors. 20 C.F.R. § 404.1527(c). In addition to evidence from medical sources, the ALJ may use evidence from "other non-medical sources" to show the severity of an individual's impairment and how it affects the individual's ability to function. SSR 06-03p. These non-medical sources include, but are not limited to, spouses, parents, siblings, friends, neighbors and other relatives. *Id*.

The ALJ explained that he rejected Dr. Roth's determination because, in addition to being "vague by not specifying whether the standing, walking, and sitting limits were at a time or during the course of an entire eight-hour workday," Dr. Roth's findings are inconsistent with his own conclusions that Duvall maintained "normal gait without use of an assistive device, largely intact sensory responses and ranges of motion, and full 5/5 motor function in all extremities." (Filing No. 12-2 at 33.) The ALJ also noted that Dr. Havens gave a variety of conflicting opinions, specifically, Dr. Havens stated that Duvall was disabled but also opined that Duvall had no limitations at all. *Id*. The ALJ pointed to January 2014, where Dr. Havens noted that Duvall could only walk one hour, stand two hours, sit one hour, and lift 20 pounds, but Dr. Havens' own examination showed that Duvall maintained "normal sensory, tone, muscle strength, and

7

coordination." *Id*. The ALJ concluded that Dr. Havens' disability opinions did not resemble his own examination findings, were not well supported by medically acceptable clinical and laboratory diagnostic techniques, and were inconsistent with other substantial evidence in the record. *Id.*

The Magistrate Judge found no error in the ALJ's conclusion and opined that the ALJ did not err in giving considerable weight to Tincher's opinion. The Magistrate Judge noted that, as Duvall's daughter and neighbor, Tincher maintained special knowledge about Duvall and was able to provide insight into the severity of Duvall's impairments. *See* SSR 06-03p. Duvall admitted as much when listing Tincher's name and contact information in his Disability Report as "someone (other than [Duvall's] doctors) [the agency] can contact who knows about [Duvall's] medical conditions, and can help [Duvall] with [his] claim." (Filing No. 12-6 at 5.) The Magistrate Judge also found that Tincher's conversation with the agency employee was not an improper *ex parte* communication, as Duvall was made aware of the communication but made no objection during the ALJ hearing when notes from Tincher's telephone conversation were admitted into the record.

Duvall argues that the ALJ's decision to reject all medical evidence in this case, based on an *ex parte* conversation with Tincher, does not comport with SSR 06-03p, which makes clear that "only 'acceptable medical sources' can give [] medical opinions." SSR 06-03p; *see also Roddy*, 705 F.3d at 636. Duvall also relies on *Larson* when contending that the ALJ erred in failing to give Dr. Havens' and Dr. Roth's opinions controlling weight. *See Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) (holding the ALJ erred by failing to give controlling weight to a treating physician's opinion where the physician's opinion was consistent with the evidence in the record).

The Court first notes that Duvall's assertion that the ALJ rejected all medical evidence in this case, is not supported by the record. When concluding that Duvall did not suffer from a disability, the ALJ relied on the testimonies of state agency reviewing physicians and

8

psychologists who opined that Duvall was not disabled. The ALJ also relied on the testimonies of Dr. Havens, David Neustadt, M.D., P.S.C, and Richard Gardner, M.D., who all reported that Duvall maintained normal gait, muscle strength, and normal neurological findings, as well as Duvall's own report that he is capable of completing a variety of household chores and personal care tasks. (Filing No. 12-2 at 28-34.) The Court further concludes that the ALJ adequately explained his reasons for giving little weight to Dr. Havens' opinion, rejecting Dr. Roth's opinion, and giving considerable weight to Tincher's testimony. *See Roddy*, 705 F.3d at 636 (a treating physician's medical opinion is entitled to controlling weight *if it is* well supported by objective medical evidence and *consistent with other substantial evidence in the record*) (emphasis added); *Larson*, 615 F.3d at 751 (the ALJ erred by failing to give controlling weight to a treating physician's opinion *where the physician's opinion was consistent with the evidence in the record*) (emphasis added); *see also* SSR 06-03p (the ALJ may use evidence from neighbors and other relatives to show the severity of an individual's impairment and how it affects the individual's ability to function). Accordingly, Duvall's request for remand on this issue is **denied**.

B.     **The ALJ did not Err in Relying on the VE's Testimony**

During the ALJ hearing, the VE testified that an individual with Duvall's limitations is capable of performing jobs as a laundry worker, cleaner and order filler. Duvall does not present any specific objection or argument regarding the VE's testimony, but makes only a blanket statement that the ALJ erred because his denial of benefits decision is based "entirely on the statements of a vocational expert and a non-medical lay witness." (Filing No. 25 at 7.) Without more information, the Court **denies** Duvall's request for remand on this issue and finds that the ALJ sufficiently explained his reasons for denying disability benefits to Duvall. *See Scheck*, 357

9

F.3d at 700 (the ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability).

## V.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Jeffrey Duvall's Objection (Filing No. 25) and **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the decision of the Commissioner (Filing No. 24).

The Court will enter final judgment by separate order.

**SO ORDERED.**

Date: 03/08/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard R. Fox
LAW OFFICES OF RICHARD R. FOX
rfox@aye.net

Kristi Lee Fox
RICHARD R. FOX LAW OFFICE
kfox@aye.net

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov